# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAROLYN BARNHILL,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>BOSTON SCIENTIFIC CORPORATION,<br><br>　　　　　　　Defendant. | **8:20CV182**<br><br>**ORDER** |

This matter is before the Court regarding a discovery dispute between the parties in Case Nos. 8:20CV181 (Plaintiff Georgia Marlin) and 8:20CV182 (Plaintiff Carolyn Barnhill).[1] For the reasons explained below, Plaintiffs' request for discovery will be denied. Defendant's request for limited damages discovery will be granted.

## BACKGROUND

This case is before the Court following transfer from the multi-district litigation ("MDL") panel at docket number 2326. On October 30, 2020, following this Court's rulings on motions for summary judgment, the Court held a status conference with the parties to discuss the pretrial conferences and trial settings. The parties were directed to confer regarding supplementation of discovery and other discovery issues and to submit a joint status report by November 16, 2020.

On November 17, 2020, following receipt of the parties' status report, the Court entered a final progression order setting May 28, 2021 as the deadline for the close of supplemental discovery. The final progression order noted the parties' disagreement regarding whether Defendant's responses to discovery in the MDL should be supplemented. The Court granted the parties leave to brief the issue. Briefing on this discovery dispute is now complete.

---

[1] Boston Scientific Corporation ("Defendant") is the Defendant in each case. Plaintiffs Marlin and Barnhill will be collectively referred to herein as "Plaintiffs."

## DISCUSSION

### 1. Plaintiffs' Request for Discovery

Plaintiffs request that Defendant supplement its written discovery and document production. Plaintiffs also request leave to take supplemental depositions. These requests will be denied as extensive discovery has already taken place and Plaintiffs have not demonstrated good cause for additional discovery.

In the MDL proceedings, United States District Court Judge Joseph Goodwin, who oversaw the MDL proceedings, issued a pretrial order which established a committee—of which Plaintiffs' counsel was a member—to coordinate and conduct MDL discovery. This MDL discovery included preparation of written discovery requests, discovery schedules, depositions, and motion practice. Defendant maintains that in response to the discovery, it produced nearly sixteen million documents.

In addition to the common-issue MDL discovery, each plaintiff in MDL 2326 was permitted to serve their own, case-specific discovery requests. Plaintiffs were able to serve ten interrogatories, ten document production requests, and ten requests of admission. They were also allowed to disclose five retained experts and depose fact witnesses, treating physicians, and expert witnesses. Defendant served responses and objections to Plaintiff's case-specific discovery requests on January 22, 2019 (Marlin) and July 15, 2019 (Barnhill), which was several months before the close of discovery and the dispositive motion deadline in each respective case.[2] Plaintiffs' counsel did not move to compel additional discovery responses or indicate Defendant's responses were deficient. Defendant asserts that the first time it was advised of any purported deficiencies regarding its discovery responses was during the telephone conference with this Court on October 30, 2020, which was following a ruling on Defendant's dispositive motions.

In Judge Goodwin's April 28, 2020 transfer order from the MDL litigation, he urged the receiving courts to "immediately set these cases for trial without reopening discovery." (Case

---

[2] In *Barnhill*, discovery closed on October 25, 2019 and dispositive motions were due November 1, 2019. In *Marlin*, discovery closed on April 29, 2019 and dispositive motions were due May 13, 2019.

No. 8:20CV181, Filing No. 45.) He emphasized that [f]urther discovery [would] only result in unjust delay" and that "[e]xtensive development of these cases over a period of years has made such further action completely unnecessary." (Case No. 8:20CV181, Filing No. 45.) The undersigned agrees with Judge Goodwin's observations regarding the extent of discovery. To be sure, to allow additional discovery following transfer from the MDL proceedings without a significant change in circumstances, "would frustrate the purposes of centralized proceedings." Manual on Complex Litig. 4th § 20.113. *See also* Harris v. Wyeth, Inc., No. 04-cv-7615, 2012 WL 2317338 (S.D.N.Y. June 15, 2012) (stating that discovery following MDL remand "would seem to undermine the very purpose of MDL proceedings, which is to coordinate and complete shared pretrial matters such as generic discovery" and that re-opening discovery would render the years spent in the MDL court "largely for naught"). There has been no change in circumstances warranting the discovery Plaintiffs now seek.

Moreover, if Plaintiffs believed they needed more discovery or that Defendant's responses were somehow deficient, they should have raised these issues before discovery in the MDL proceedings closed. Courts faced with similar circumstances have denied additional discovery following transfer. For instance, in *Campos-Eibeck v. CR Bard Inc.*, Case No. 9cv2026-W, 2020 WL 835305 (S.D. Cal. Feb. 20, 2020), the trial court denied the MDL plaintiff's motion to compel additional discovery because the plaintiff did not show good cause for failing to seek the discovery in the MDL prior to transfer. Similarly, in *Kelly v. Ethicon, Inc.*, No. 20-CV-2036-CJW-MAR, 2020 WL 6120155 (N.D. Iowa Oct. 16, 2020), the trial court denied the plaintiff's request to take a deposition of a physician after discovery in the MDL proceedings had closed, the case had been transferred to the trial court, and the trial court had ruled on dispositive motions. In so ruling, the court cited the plaintiff's delay in seeking the discovery. Here, Plaintiffs seek discovery after the close of discovery in the MDL proceedings and six-months after this case was transferred to this Court. As in *Kelly*, this Court has also ruled on dispositive motions. Plaintiffs have not shown good cause for their failure to seek the requested discovery earlier.

Plaintiffs contend that they are not seeking new discovery, but instead are only requesting that Defendant supplement its responses to earlier discovery requests. Plaintiffs argue this supplementation is required by Federal Rule of Civil Procedure 26(e). Rule 26(e) requires a

3

party to supplement its discovery responses if it "learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e). The Court disagrees with Plaintiffs' characterization of the requested discovery and argument that Rule 26(e) requires supplementation in the way they seek.

"Rule 26(e) does not require continual review of all information in a party's possession and constant supplementation of discovery up until the moment the court enters a final judgment in the action." Thompson v. Ret. Plan for Emples. of S.C. Johnson & Sons, Inc., No. 07-cv-1047, 2010 WL 2735694, at *1 (E.D. Wis. July 12, 2010). Rule 26(e) does not impose a "never-ending obligation to produce documents continuously as they are created." Dong Ah Tire & Rubber Co., No. C 06-3359 JF, 2008 WL 4786671, at *2 (N.D. Cal. Oct. 29, 2008). "[T]o trigger the duty to supplement, a party's initial disclosures must, in some respect, be incomplete or incorrect." Seidman v. Am. Family Mut. Ins. Co., No. 14-cv-03193, 2016 WL 9735768, at *2 (D. Colo. May 26, 2016).

Defendant represents that it has reviewed its case-specific written discovery responses and concluded that supplementation under Rule 26(e) is not necessary because there is nothing incomplete or incorrect. Moreover, it appears to the Court the information Plaintiff seeks is not really "supplementation," but can more accurately be described as a new round of discovery collection. Plaintiffs ask Defendant to "supplement" document production by again running the ESI search terms negotiated in the MDL proceedings and then producing documents that "hit" on those search terms. Rather than supplementation, this appears to be an unduly burdensome re-collection process and, as explained above, Plaintiffs have failed to show good cause for conducting discovery after the discovery deadline in the MDL proceedings and following transfer to this Court. See Adidas Am., Inc. v. TRB Acquisitions LLC, No. 3:15-cv-2113, 2018 WL 4849312, at *3 (D. Or. Oct. 5, 2018) (denying plaintiff's motion to require defendant to supplement document production by searching and producing email following the close of discovery, finding that the plaintiffs were not, in fact, requesting supplementation, but rather were requesting "ongoing discovery after the discovery cutoff date"). Therefore, Plaintiffs' request that the Court compel Defendant to provide additional discovery responses is denied.

4

2. **Defendant's Request for Discovery**

Defendant requests that it be allowed be conduct limited damages discovery. Defendant seeks the following: (1) an updated Plaintiff Fact Sheet to report on any changes to Plaintiffs' state of health since the time of their depositions; (2) medical authorizations to permit the collection of updated medical records; (3) supplemental depositions of Plaintiffs regarding updated medical records and state of health since the time of their last depositions; (4) an opportunity for the parties to update case-specific expert reports to the extent the additional discovery reveals new developments; and (5) depositions of "friends and family" witnesses whose depositions were properly noticed, but deferred, prior to the close of discovery in the MDL.³

Defendant contends supplemental discovery regarding the state of Plaintiffs' health is necessary damages discovery. Defendant argues that a supplemental deposition of Plaintiffs, and potentially supplemental expert reports, should be allowed because the state of Plaintiffs' health is evolving and Plaintiffs have not been deposed since 2019. The Court agrees that the limited discovery sought by Defendant is appropriate. As found in *MacPherran v. Boston Scientific Corp.*, No. 20-cv-766 (W.D. Wis. Dec. 2, 2020), another MDL case, "it is appropriate to update discovery related to plaintiff's health because . . . by trial time it will have been two years since she was deposed," thus, "limited supplemental discovery bringing the damages evidence up to date is appropriate." (Exhibit 9.) Notably, the *MacPherran* court allowed the limited damages discovery even though it denied the plaintiff's request to re-open certain MDL discovery. In doing so, the court stated that supplemental discovery does not have to be "all or nothing" and there is nothing prejudicial about allowing litigants to complete depositions that were timely noticed but deferred. Here, given the length of time from Plaintiffs' last depositions, as well as the changing nature of Plaintiffs' health conditions, the Court will grant Defendant leave to depose Plaintiffs regarding their updated medical records and state of health since the time of

---

³ Plaintiffs have agreed to items (1) and (2). Further, the parties have agreed to item (5)—should Plaintiffs identify the individuals as witnesses they will call at trial. Based on these agreements, the Court will only address Defendant's request for another deposition of Plaintiffs regarding updated health information and request for an opportunity for the parties to update case-specific expert reports, to the extent additional discovery reveals new developments.

their last depositions. If this additional discovery reveals new information, the parties may contact the Court regarding the need to update case-specific expert reports.

**IT IS SO ORDERED.**

Dated this 8th day of February, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge